IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETTY DUGAN | : | CIVIL ACTION |
| v. | : | |
| HOME DEPOT USA, INC. | : | NO. 07-1526 |
| O'NEILL, J. | | APRIL 28, 2008 |

MEMORANDUM

On August 22, 2006 plaintiff Betty Dugan filed a complaint in the Pennsylvania Court of Common Pleas for Philadelphia County against defendant Home Depot USA, Inc. for injuries allegedly sustained from a fall on a plastic band in the parking lot of the Home Depot retail store located at 1601 S. Columbus Avenue, Philadelphia, Pennsylvania. The case was removed to this Court on April 17, 2007 pursuant to 28 U.S.C. § 1441. Before me now are defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, plaintiff's response, and defendant's reply.

BACKGROUND

On September 3, 2004 plaintiff, an independent contractor, and Mr. John Wesby, a maintenance man who reported to plaintiff, went to defendant's Home Depot retail store on Castor Avenue in Philadelphia, Pennsylvania to purchase a light fixture. They parked their vehicle in the parking lot, entered the store through the contractor's entrance, purchased the light fixture, and exited the store through the same door by which they had entered. As plaintiff and Wesby walked towards their vehicle in the parking lot, plaintiff fell and landed on all fours. As plaintiff was assisted to her feet, Wesby observed a plastic band wrapped around her feet. Wesby

1

showed plaintiff a clear or white plastic band and said, "This is what you tripped on."

Following plaintiff's fall, the assistant manager of defendant's retail store, Ms. Marion Haywood, spoke with plaintiff and Wesby. Haywood identified the band as a plastic band that is placed "around a high shrink item" and stated that "manufacturer suppliers that we have use them for large pallets." The plastic band that caused plaintiff's fall initially was retained by Wesby for safe keeping, but the band subsequently was lost. About one month prior to his March 2, 2007 deposition, Wesby returned to defendant's retail store and picked another plastic band off the floor near the entrance door. According to Wesby, this second plastic band was exactly the same as the plastic band that caused plaintiff's fall.

Plaintiff alleges that as a result of the fall she suffered injuries requiring three surgeries, including separate arthroplasties on each hand and a partial discectomy on her lower back. Plaintiff has been out of work since April 2005.

## STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment matter of law." Fed. R. Civ. P. 56(c). An issue of material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The party moving for summary judgment has the burden of demonstrating that there are no genuine issues of material fact. <u>Id.</u> at 322-23. If the moving party sustains the burden, the nonmoving party must set forth facts demonstrating the existence of a genuine issue for trial. <u>See Anderson</u>, 477 U.S. at 355. Rule 56(e) provides that when a properly supported motion for summary judgment is made, "an adverse party may not rest upon the mere allegations of denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. 56(e). The adverse party therefore must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion, and cannot survive by relying on unsupported assertions, conclusory allegations, or mere suspicions. <u>Williams v. Borough of W. Chester</u>, 891 F.2d 458, 460 (3d Cir. 1989). However, the "existence of disputed issues of material fact should be ascertained by resolving 'all inferences, doubts and issues of credibility against'" the moving party. <u>Ely v. Hall's Motor Transit Co.</u>, 590 F.2d 62, 66 (3d Cir. 1978), <u>quoting</u> <u>Smith v. Pittsburgh Gage & Supply Co.</u>, 464 F.2d 870, 878 (3d Cir. 1972).

## DISCUSSION

Under Pennsylvania law it is well-settled that the "mere occurrence of an injury does not prove negligence." <u>Hamil v. Bashline</u>, 392 A.2d 1280, 1284 (Pa. 1978). A claim for negligence under Pennsylvania law requires four elements: (1) a duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting in harm to the interests of another. <u>Nw. Mut. Life Ins. Co. v. Babayan</u>, 430 F.3d 121, 139 (3d Cir. 2005)

3

(applying Pennsylvania law).

The parties agree that for the purposes of this litigation plaintiff is a business invitee of defendant. A landowner's duty to persons on his premises depends upon the status of the person on the property, and invitees enjoy the highest duty of care owed to them. Jones v. Three Rivers, 394 A.2d 546, 552 (Pa. 1978). However, even with an elevated duty of care, a landowner does not have a duty to protect invitees from unknown dangers. Moultrey v. Great Atl. Tea Co., 422 A.2d 593, 596 (Pa. Super. Ct. 1980) ("The owner of the store is not an insurer of the safety of [his] customers."). Again, the mere happening or mere existence of a harmful condition is not enough to prove negligence on the part of the defendant. Id. at 598; see Lonsdale v. Joseph Horne Co., 587 A.2d 810, 813 (Pa. Super. Ct. 1991) (asserting that the mere happening of an accident is no evidence of negligence and does not raise a presumption of negligence); see also Flocco v. Super Fresh Mkts., Inc., 1998 WL 961971, at *2 (E.D. Pa. Dec. 29, 1998) (asserting that the "mere presence of a dangerous condition of a transitory nature" on a landowner's property is insufficient to impose liability on that landowner).

Pennsylvania adopts the standard of the Restatement (Second) of Torts § 343 in determining when a landowner breaches a duty to an invitee:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

4

Restatement (Second) of Torts § 343; see Carrender v. Fitterer, 469 A.2d 120, 123 (Pa. 1983) (adopting Restatement (Second) of Torts § 343).  "[T]o establish that a landowner had notice of the hazardous condition sufficient to trigger the duty of care, an invitee must prove either that the landowner had a hand in creating the harmful condition or had actual or constructive knowledge of the condition." Marks v. Reserve at Hershey Meadows, 2007 WL 1892491, at *7 (M.D. Pa. June 29, 2007), quoting Estate of Swift v. Ne. Hosp. of Phila., 690 A.2d 719, 723 (Pa. Super. Ct. 1997) (quotation marks omitted).  Where the condition is one which a proprietor knows has frequently recurred or was due to the direct negligence of the defendant's employees, the jury may properly find that the owner had actual notice of the condition. See Moultrey, 422 A.2d at 596; Clark v. Glosser Bros. Dep't Stores, 39 A.2d 733, 734 (Pa. Super. Ct. 1944).  A landowner has constructive notice when "the condition existed for such a length of time that in the exercise of reasonable care the owner should have known of it." Moultrey, 422 A.2d at 596.

In the present motion defendant Home Depot contends that it is entitled to summary judgment because plaintiff has failed to produce evidence of the origin of the plastic band or how long the band had existed in the parking lot prior to plaintiff's fall.  In other words, defendant argues that plaintiff has failed to produce evidence that defendant had a hand in creating the hazardous condition or had actual or constructive notice of the hazardous condition sufficient to trigger the duty of care.  I agree and therefore will grant summary judgment in favor of defendant.

Defendant first argues that plaintiff has failed to produce evidence that defendant had a hand in creating the hazardous condition of the plastic band in the parking lot.  Plaintiff counters that the plastic band is traceable to defendant's acts.  In support plaintiff offers the deposition

testimony of Home Depot employee Michael Maddox.  Maddox was deposed not for the purposes of the present case but in a case where an individual alleged that he tripped on green plastic banding on the floor of defendant's retail store at 2539 Castor Avenue, Philadelphia, Pennsylvania.  Maddox stated that plastic bands used to wrap boxes of ceramic tiles were only to be cut by Home Depot employees and customers were not allowed to cut the bands.  Plaintiff also notes that Home Depot's store policy strictly controls the cutting and the disposal of plastic bands.  Plaintiff uses this evidence to infer that "[a]ny plastic band carelessly left on the ground had to be placed there by the negligence of a Home Depot employee."

Plaintiff also attempts to analogize the present case to Clark, a case in which the plaintiff tripped and fell on packaging tapes in the defendant's store.  39 A.2d at 734.  The Court found that evidence of constructive notice was not necessary because plaintiff's proof "show[ed] that the injuries sustained by [the plaintiff] were due to the direct negligence of the defendant's employees in throwing the tapes in the aisles or not taking reasonable precaution to prevent their falling on the floor."  Id.  Plaintiff presented evidence that defendant knew it was possible for packaging tapes to fall or be thrown to the floor, and that defendant's maintenance man, whose duties included keeping the floor in safe condition, upon seeing anything lying in the aisles would generally kick it right under the table.  Id.  The Court reasoned that "[t]he defendant's employees had actual notice of their own alleged negligent acts, which were within the apparent scope of their authority and in the furtherance of the master's business. The defendant is accordingly chargeable with their dereliction."  Id.

This case is clearly distinguishable from Clark, as here plaintiff provides no evidence that defendant knew it was possible for plastic bands to fall or be thrown to the ground and no

testimony suggesting that defendant's employees failed to dispose of the plastic bands when they were found on the ground. Though plaintiff offers evidence of defendant's policy requiring only defendant's employees to control the cutting and the disposal of the plastic bands, the existence of such a policy in no way leads to the inference that the particular band on which plaintiff tripped was on the ground due to the negligence of any employee of defendant. Further the testimony of Maddox as to the practices inside a store location different than the location at which plaintiff was injured regarding a type of plastic banding different from the type of banding plaintiff alleges caused her harm in this case – plaintiff testified at deposition that the band upon which she fell was clear or white, while the band Maddox described was green – is insufficient to create a genuine issue as to direct negligence or the source of the plastic band at issue. That the incident took place in the parking lot of defendant's store rather than inside the store is significant, as it is patently unreasonable to conclude that every piece of debris in the parking lot of defendant's store is traceable to defendant.

     Finally, plaintiff testified at her deposition:

     Q: Do you know who caused the band to be in the parking lot?
     A: No.

I find that plaintiff offers nothing to indicate that the plastic band causing her injury was traceable to defendant or that defendant had actual notice of any negligent act. See Martino v. Great Atl. & Pac. Tea Co., 213 A.2d 608, 609 (Pa. 1965) (affirming a grant of compulsory non-suit for defendant because "there is no evidence from which the jury might reach a conclusion as to the cause of the presence of the grape in the aisle, and jurors may not be permitted to reach conclusions based on guess or conjecture").

Defendant next argues that plaintiff cannot establish defendant had constructive notice of the plastic band because plaintiff fails to produce evidence regarding how long the band had existed in the parking lot prior to plaintiff's fall.  In <u>Moultrey</u> the plaintiff, who fell on a cherry on the floor of the defendant's store, testified that she did not know how long the cherry had been on the floor or how it arrived there.  422 A.2d at 595.  The Court affirmed a grant of a compulsory non-suit to defendant because plaintiff failed to provide any evidence of how long the cherry had been on the floor, how it got there, and when the area had last been cleaned.  <u>Id.</u> at 596-97; <u>see also</u> <u>Flocco</u>, 1998 WL 961971, at *2-3 (granting summary judgment for defendant where plaintiff failed to produce evidence of how long the gravy upon which plaintiff fell was on the floor); <u>Clark v. Fuchs</u>, 1994 WL 13847, at *3 (E.D. Pa. Jan. 14, 1994) (granting summary judgment for defendant where plaintiff failed to present evidence of how long the paper upon which plaintiff slipped was on the stairs);

As in <u>Moultrey</u>, here plaintiff fails to provide any evidence of how long the plastic band had been on the ground, how it got there, and when the area had last been cleaned.  At her deposition plaintiff conceded that she has no knowledge as to how long the plastic band was in the parking lot:

> Q: And do you know how long the band was in the parking lot before the accident occurred?
> A: How long it was sitting there?  Absolutely not.

Pursuant to plaintiff's own deposition testimony, there is no factual basis from which to infer the duration of the hazardous condition in this case.  As demonstrated above, there is also no factual basis from which to infer how the plastic band arrived on the ground in the parking lot.  Finally plaintiff offers no evidence of when the area had last been cleaned.  Thus plaintiff cannot

8

demonstrate the condition existed for such a length of time that in the exercise of reasonable care defendant should have known of it.

There is simply nothing in the record that creates a genuine issue of material fact with respect to actual[1] or constructive notice. Because plaintiff fails to produce evidence sufficient to trigger defendant's duty of care, I will grant summary judgment in favor of defendant.

An appropriate Order follows.

---

[1]Citing <u>Moultrey</u> for the proposition that "[w]here the condition is one which the owner knows has frequently recurred, the jury may properly find that the owner had actual notice of the condition," 422 A.2d at 596, plaintiff argues in her response brief that "defendant had actual notice of the plastic band because discarded plastic bands are a frequent and recurring dangerous condition." In support of this argument plaintiff offers the deposition testimony of Maddox described above and Wesby's deposition testimony that he retrieved a second plastic band identical to the band on which plaintiff fell from the floor of plaintiff's store on another occasion.

Plaintiff has failed to produce evidence of a frequent and recurring condition. The deposition testimony of Maddox is clearly distinguishable for the reasons stated above: Maddox's testimony concerned a different store location, a different type of banding, and conditions inside the retail store as opposed to in the parking lot. With respect to Wesby's testimony, plaintiff at her deposition expressly stated that the second banding Wesby retrieved, which he claimed was identical to the band at issue, was not the same size banding as the band on which she fell. Additionally, Wesby retrieved the second band from inside defendant's retail store as opposed to the parking lot, where plaintiff's injury occurred. There is simply no factual basis from which to infer defendant had actual notice that discarded plastic bands are a frequent and recurring condition in the parking lot of defendant's retail store.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETTY DUGAN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| HOME DEPOT USA, INC. | : | NO. 07-1526 |

## **ORDER**

AND NOW, this 28th day of April 2008, upon consideration of defendant Home Depot's motion for summary judgment and plaintiff's response thereto, and for the reasons stated in the accompanying memorandum, it is hereby ORDERED that defendant's motion is GRANTED, and judgment is entered in favor of defendant Home Depot and against plaintiff Dugan.

s/Thomas N. O'Neill, Jr.
THOMAS N. O'NEILL, JR., J.